FILED
2009 Feb-10 PM 05:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ORBACH WATERS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 09-CV-________** |
| | ) | |
| **EDWIN L. EDWARDS, MARK E. EDWARDS, GRAHAM L. EDWARDS, ANN G. EDWARDS, A & L, INC., COLEMAN ROAD PROPOERTIES, L.L.C., OXFORD MANAGEMENT, INC, OXFORD MANAGEMENT GROUP, LLC, THOMPSON RIDGE, L.L.C., SOUTHTOWNE CORPORATION, SOUTHTOWNE MANAGEMENT GROUP, L.L.C., SOUTHTOWNE MINI WAREHOUSES, L.L.C., J & E PROPERTIES, LLC, SOUTHTOWNE APARTMENTS, L.L.C., ELL 10, LLC, d/b/a ALBANY HONDA, WILDHAVEN TOWNHOMES, L.L.C., WILLIAMSBURG TOWNHOMES, L.L.C., and HIGHWAY 79, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES Orbach Waters, LLC, by and through its counsel of record, and files this Complaint against the above named Defendants and states as follows:

## The Parties

1. Plaintiff Orbach Waters, LLC (hereinafter "Plaintiff/Judgment Creditor") is a limited liability company duly organized and existing under the laws of the State of California with its principal place of business located at 32451 Golden Lantern, Suite 307, Laguna Niguel, California 92677.

2. Defendant Edwin L. Edwards is an individual over the age of nineteen (19) and, upon information and belief, is a resident of the State of Alabama and resides at 1107 Greystone Parc Terrace, Hoover, Alabama, 35242.

3. Defendant Mark E. Edwards is an individual over the age of nineteen (19) and, upon information and belief, is a resident of the State of Alabama and resides at 131 Alpine Place, Gadsden, Alabama 35901.

4. Defendant Ann G. Edwards is an individual over the age of nineteen (19) and, upon information and belief, is a resident of the State of Alabama and resides at 1107 Greystone Parc Terrace, Hoover, Alabama, 35242.

5. Defendant Graham L. Edwards is an individual over the age of nineteen (19) and, upon information and belief, is a resident of the State of Georgia and resides at 2613 Ridgewood Lane, Albany, Georgia 31707.

6. Defendant A & L, Inc., upon information and belief is a corporation duly organized and existing under the laws of the State of Alabama with its

principal place of business located at 130 Inverness Plaza, Birmingham, Alabama 35242-4800.

7. Defendant Coleman Road Properties, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

8. Defendant Oxford Management, Inc. is a corporation duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

9. Defendant Oxford Management Group, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located in Birmingham, Alabama.

10. Defendant Thompson Ridge, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

11. Defendant Southtowne Corporation is a corporation duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906, whose sole owner and shareholder is Edwin L. Edwards.

12. Defendant Southtowne Management Group, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

13. Defendant Southtowne Mini-Warehouses, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

14. Defendant J & E Properties, LLC is a limited liability company duly organized and existing under the laws of the State of Georgia with its principal place of business located at 903 East Oglethorpe Boulevard, Albany, Georgia 31705-2754.

15. Defendant Southtowne Apartments, L.L.C. is a corporation duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

16. Defendant ELL10, LLC d/b/a Albany Honda is a limited liability company duly organized and existing under the laws of the State of Georgia with its principal place of business located at 903 East Oglethorpe Boulevard, Albany, Georgia 31705-2754.

17. Defendant Wildhaven Townhomes, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

18. Defendant Williamsburg Townhomes, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located at 1463 Sutton Bridge Road, Rainbow City, Alabama 35906.

19. Highway 79, L.L.C. is a limited liability company duly organized and existing under the laws of the State of Alabama with its principal place of business located in Birmingham, Alabama.

20. Plaintiff/Judgment Creditor is the holder of a valid Alabama Judgment in OrbachWaters, LLC v Southtowne Corporation and Edwin L. Edwards, Etowah County, Alabama Circuit Court Case No. CV-07-9000580, in the amount of Eight Hundred Fifty-Four Thousand Seven Hundred Ninety-Two and 94/100 Dollars ($854,792.94), and at all times relevant hereto were creditors of the Defendants Southtowne Corporation and Edwin L. Edwards, individually.

## JURISDICTION AND VENUE

21. The United States District Court for the Northern District of Alabama has original subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§

1332(a) and (c). Plaintiff/ Judgment Creditor is a California limited liability company. Defendant entities Thompson Ridge, L.L.C., Coleman Road Properties, L.L.C., Southtowne Management Group, L.L.C., Southtowne Apartments, L.L.C., Southtowne Mini-Warehouses, L.L.C., Oxford Management, Inc., Oxford Management Group, LLC, Williamsburg Townhomes, L.L.C., Wildhaven Townhomes, L.L.C., Southtowne Corporation and Highway 79, LLC are all Alabama limited liability companies or corporations (the "Alabama Entities"). Defendant companies J & E Properties, LLC and ELL10, LLC d/b/a Albany Honda are both Georgia limited liability companies (the "Georgia Companies"). Defendant individuals Edwin L. Edwards, Mark E. Edwards and Ann G. Edwards are all Alabama residents and Defendant Graham L. Edwards is a resident of the State of Georgia. Therefore, according to 28 U.S.C. § 1332, Plaintiff/Judgment Creditor is diverse from all Defendants. Furthermore, the amount is controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, which is the jurisdictional limit set forth in 28 U.S.C. § 1332(a).

22. The U.S. District Court for the Northern District of Alabama, Southern Division is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(a)(1), (2), & (3). Jurisdiction of this Court is founded solely upon diversity of citizenship. The majority of the Defendants reside in the Northern District of Alabama. The events and/or transactions giving rise to the claims of

Plaintiff/Judgment Creditor occurred in the Northern District of Alabama. A substantial part of property subject to this action is situated in the Northern District of Alabama. Upon information and belief, Defendant Georgia Companies conduct business in the Northern District of Alabama and thus have contact with this forum. In part, Plaintiff/Judgment Creditor claims that all of these Defendants, in concert, conspired to defraud Orbach Waters, LLC and fraudulently transferred or conveyed funds, membership and shareholder interests, and/or property so as to prevent Plaintiff/Judgment Creditor from collecting on a valid judgment and that such acts were directed at the Plaintiff/Judgment Creditor in this judicial district and consequently have caused it harm in this district.

23. Alabama law, and in particular its "long-arm statute," confers personal jurisdiction over the Defendant Georgia Corporations and the Defendant Georgia residents. Rule 4.2, Ala. R. Civ. P., Alabama's long-arm rule, provides: "An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States...." This action/case is not inconsistent with any provisions of the Constitution of Alabama or of the United States.

## GENERAL ALLEGATIONS

24. Plaintiff/Judgment Creditor hereby incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

25. On July 5, 2006, Southtowne Corporation contracted with Plaintiff/Judgment Creditor to borrow One Million Dollars ($1,000,000.00) ("Promissory Note"). (See Promissory Note, Exhibit A). That Promissory Note was personally guaranteed by Edwin L. Edwards. (See Personal Guaranty, Exhibit B).

26. In order to obtain this loan, Edwin L. Edwards was required by Plaintiff/Judgment Creditor to disclose his personal financial status. On June 8, 2006, Edwin L. Edwards signed a Personal Financial Statement setting forth a total net worth of Seventy-Eight Million Nine Hundred Forty Thousand Dollars ($78,940,000.00). (See Personal Financial Statement, Exhibit C). Edwin L. Edwards set forth ownership interest in, including, but not limited to the following Alabama and Georgia entities: A & L, Inc., Coleman Road Properties, L.L.C., Oxford Management, Inc., Oxford Management Group, LLC, Thompson Ridge, L.L.C., Southtowne Corp., Southtowne Management Group, L.L.C., ELL10, LLC and J & E Properties, LLC (hereinafter collectively "Transferred Entities").

27. Southtowne Corporation proceeded to default on its payments pursuant to the Promissory Note to Plaintiff/Judgment Creditor.

Plaintiff/Judgment Creditor filed suit to collect on the Promissory Note and the Personal Guaranty of Edwin L. Edwards.

28. On June 18, 2008, Plaintiff/Judgment Creditor obtained a valid judgment against Defendants Southtowne Corporation, and Edwin L. Edwards personally, in the amount of Eight Hundred Fifty-Four Thousand Seven Hundred Ninety-Two and 94/100 Dollars ($854,792.94) in Etowah County Circuit Court, in Alabama. (See Judgment, Exhibit D).

29. In an attempt to collect on that judgment, Plaintiff/Judgment Creditor promulgated post-judgment interrogatories to Edwin L. Edwards, which were answered on October 23, 2008. In those answers, Edwin L. Edwards stated that he had no ownership interest in any of the assets listed in his personal financial statement dated June 8, 2006, and that as of April 9, 2008 he was insolvent. (See Answers to Post-Judgment Interrogatories, Exhibit E).

30. Further, in response to these discovery requests, Edwin L. Edwards produced eleven (11) "Buy/Sell Agreements," all dated August 15, 2006, which purported to transfer all of his membership and shareholder interest in all of his Alabama and Georgia entities to his sons, Mark E. Edwards and Graham L. Edwards ("Buy/Sell Agreements"). (See Buy/Sell Agreements, Exhibit F).

31. Edwin L. Edwards fraudulently transferred his entire ownership interests to Mark E. Edwards in the following Alabama entities, including, but not

limited to: J & E Properties, LLC, Southtowne Mini-Warehouses, L.L.C., Southtowne Management Group, L.L.C., Oxford Management, Inc. and A & L, Inc.

32. In the Personal Financial Statement issued by Edwin L. Edwards, substantiating his ability to repay the obligation to Plaintiff/Judgment Creditor, Edwin L. Edwards indicated that J & E Properties, LLC had a value of Two Million Seven Hundred Thousand Dollars ($2,750,000.00), that Southtowne Mini-Warehouses, L.L.C. had a value of Two Million Two Hundred Fifty Thousand Dollars ($2,250,000.00), that Southtowne Management Group, L.L.C. had a value of Twelve Million Five Hundred Thousand Dollars ($12,500,000.00), and that Oxford Management Group, LLC had a value of Six Hundred Forty Thousand Dollars ($640,000.00) and that A & L, Inc. had a value of Four Million, One Hundred Seventy-Five Thousand Dollars ($4,175,000.00). (See Personal Financial Statement, Exhibit C).

33. In his deposition on October 23, 2008, Edwin L. Edwards testified that no business evaluations had been conducted to determine the individual entities' net book values as contractually required by the Buy/Sell Agreements for each entity as listed in paragraph 31. (See Deposition of Edwin L. Edwards, Exhibit G, at p. 157-164).

34. Edwin L. Edwards testified that he has not received any consideration from Mark E. Edwards for the transfer of his membership units and/or shares of stock in each of the entities identified in paragraph 31. (See Deposition of Edwin L. Edwards, Exhibit G, at p. 157-164).

35. Edwin L. Edwards fraudulently transferred his entire ownership interest to Graham L. Edwards in the following Georgia companies, including but not limited to ELL10, LLC d/b/a Albany Honda and J & E Properties, LLC.

36. In the Personal Financial Statements issued by Edwin L. Edwards to substantiate his ability to repay the obligations to Plaintiff/Judgment Creditor, Edwin L. Edwards indicated that ELL10, LLC d/b/a Albany Honda had a value of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) and that J & E Properties, LLC had a value of Two Million Seven Hundred Fifty Thousand Dollars ($2,750,000.00). (See Personal Financial Statement - Exhibit C).

37. In his deposition on October 23, 2008, Edwin L. Edwards testified that no business evaluations had been conducted to determine the individual entities' net book values as contractually required by the Buy/Sell Agreements for each entity transferred to Graham L. Edwards as listed in paragraph 35. (See Deposition of Edwin L. Edwards, Exhibit G, at p. 157-164).

38. Edwin L. Edwards testified that he has not received any consideration from Graham L. Edwards for the transfer of his membership units in each of the

entities identified in paragraph 35. (See Deposition of Edwin L. Edwards, Exhibit G, at p. 157-164).

39. On January 25, 2008, Edwin L. Edwards, as managing member of Southtowne Management Group, L.L.C., which he owns, executed warranty deeds transferring ownership of various real estate interests held by Southtowne Management Group, L.L.C. to Williamsburg Townhomes, L.L.C., Wildhaven Townhomes, L.L.C. and Southtowne Apartments, L.L.C., which are Alabama limited liability companies formed by Mark E. Edwards on January 25, 2008. Said transfers encompassed over Twelve Million Five Hundred Thousand Dollars ($12,500,000.00) in assets owned by Edwin L. Edwards or his related companies, or Southtowne Management Group, Ltd. (See Exhibit I.) Edwin L. Edward simultaneously executed a document entitled "Articles of Amendment of Southtowne Management Group, L.L.C." transferring all of his membership units in Southtowne Management Group, L.L.C. to Mark E. Edwards. (See Exhibit J).

40. Neither Edwin L. Edwards nor Southtowne Management Group, L.L.C. have ever received any consideration for either the real estate or membership unit transfers to Mark E. Edwards or his companies as referenced in paragraph 39. (See Exhibits I and J)

41. Mark E. Edwards and Graham L. Edwards have allegedly diverted and/or paid some monies directly to Ann G. Edwards and/or entities under her

control, including but not limited to Defendant Company Highway 79 L.L.C. allegedly in consideration for the transfer of Edwin L. Edwards' interest to them in the Alabama and Georgia entities identified in paragraphs 31 and 35.

42. Upon information and belief, all eleven (11) of the "Buy/Sell Agreements" were fully executed and witnessed on August 15, 2006, in the State of Alabama, with Edwin L. Edwards, Ann G. Edwards, Mark E. Edwards and Graham L. Edwards all present, one month after accepting loan proceeds from Plaintiff/Judgment Creditor.

**COUNT I**
**FRAUDULENT TRANSFER- RENDERING EDWARDS AND SOUTHTOWNE CORPORATION INSOLVENT IN VIOLATION OF ALA. CODE §8-9A-5**

43. Plaintiff/Judgment Creditor hereby incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

44. Mark E. Edwards and Graham L. Edwards are the sons of Edwin L. Edwards.

45. On August 15, 2006, Edwin L. Edwards purported to transfer to Mark E. Edwards by Buy/Sell Agreement the following Alabama entities: A & L, Inc.; Coleman Road Properties, L.L.C.; Oxford Management, Inc.; Oxford Management Group, LLC; Thompson Ridge, L.L.C.; Southtowne Mini-Warehouses, L.L.C.; Southtowne Management Group, L.L.C.; and Southtowne Corporation.

46. On August 15, 2006, Edwin L. Edwards transferred to Graham L. Edwards by Buy/Sell Agreement the following Georgia limited liability companies: ELL10, LLC and J & E Properties, LLC.

47. On January 25, 2008, Edwin L. Edwards, as managing member of Southtowne Management Group, L.L.C., transferred by warranty deed over Twelve Million Dollars ($12,000,000.00) in assets to various companies held by Mark Edwards.

48. At all times relevant to this matter, Edwin L. Edwards was, upon information and belief, the sole member and/or shareholder of the entities set forth in paragraphs 45, 46 and 47.

49. In furtherance of a scheme to thwart the collection of a valid debt by Plaintiff/Judgment Creditor, Edwin L. Edwards transferred his entire interest in the Alabama and Georgia entities to Mark E. Edwards, and to Graham L. Edwards, effectively making Edwin L. Edwards insolvent.

50. In furtherance of a scheme to thwart the collection of a valid debt by Plaintiff/Judgment Creditor, Edwin L. Edwards, as managing member of Southtowne Management Group, L.L.C., transferred substantially all of Southtowne Management Group, L.L.C.'s assets to his sons, effectively making Southtowne Management Group, L.L.C. insolvent.

51. The transfer by Edwin L. Edwards of the membership units and stock interest in these entities were made to Mark E. Edwards and Graham L. Edwards, and both of these individuals are defined as insiders to the debtors Southtowne and Edwin L. Edwards in this action by Alabama law. ALA. CODE § 8-9A-1(8)(a) and (b).

52. The Transferred Entities, through their directors/members, are necessary parties, as they aided and abetted the fraudulent transfer and concealment of assets that should have been available for attachment by Plaintiff/Judgment Creditor.

53. The Transferred Entities continue to perpetuate the fraudulent conveyances by other named Defendants.

54. Upon information and belief, the transfers of these interests by Edwin L. Edwards rendered him insolvent, or were made while he was insolvent and were made without him receiving reasonably equivalent value.

55. Upon information and belief, the transfers of these interests by Edwin L. Edwards on behalf of Southtowne Management Group, L.L.C. rendered Southtowne Management Group, L.L.C. insolvent, or were made while Southtowne Management Group, L.L.C. was insolvent and were made without him receiving reasonably equivalent value.

56. By reason of the foregoing, all transfers made to Mark L. Edwards and Graham E. Edwards are avoidable pursuant to Section 8-9A-5 of the Alabama Fraudulent Transfer Act, as codified in the *Code of Alabama*.

WHEREFORE, Plaintiff/Judgment Creditor prays that the court:

A. Declare that the transfer of the membership and shareholder interest in these entities to Defendant Mark E. Edwards and to Defendant Graham L. Edwards are null and void;

B. Order the appointment of a receiver to take control over the Transferred Entities and the transferred real estate and conduct an orderly liquidation of same;

C. Order the conveyance of the membership and shareholder interest or the value thereof to Plaintiff/Judgment Creditor, forthwith;

D. Award the Plaintiff/Judgment Creditor, the costs of this action;

E. Award any other relief permissible by Alabama and Federal law; and

F. Award such other relief as the Court deems just and proper.

**COUNT II**
**FRAUDULENT TRANSFER- TRANSFER TO INSIDERS IN VIOLATION OF ALA. CODE §8-9A-4(a) &(b)**

57. Plaintiff/Judgment Creditor hereby incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

58. As set forth above, the transfer of membership units and shares of stock by Edwin L. Edwards were to Mark E. Edwards and to Graham L. Edwards, both defined as insiders by Alabama law. ALA. CODE § 8-9A-1(8)(a) & (b).

59. Upon information and belief, Edwin L. Edwards retained constructive control over the entities following the purported transfers.

60. Upon information and belief, the transfer of these membership and shareholder interests along with Southtowne Management Group, L.L.C.'s real estate assets constituted substantially all of Edwin L. Edwards' assets, as evidenced by his responses to discovery indicating he was insolvent as of April 9, 2008. (See Answers to Post-Judgment Interrogatories, Exhibit E).

61. Upon information and belief, and based upon the sworn testimony of Edwin L. Edwards in the post-judgment collection action, the purported consideration received from Graham L. Edwards and Mark E. Edwards, if any, was not reasonably equivalent to the value of the assets transferred.

62. The transfers of these membership and shareholder interest to Edwin L. Edwards' sons were allegedly in part made on August 15, 2006, within forty (40) days of the loan from Plaintiff/Judgment Creditor to Southtowne Corporation, which occurred on July 5, 2006.

63. These transfers were made with the actual intent to hinder, defraud, or delay the Judgment Debtors' creditors.

64. Under §8-9A-4(a) & (b) of the Alabama Fraudulent Transfer Act as codified in the *Code of Alabama*, the foregoing factors are evidence of actual intent

on the part of Judgment Debtor to hinder, delay, or defraud OW, the Judgment Creditor.

65. Upon information and belief, Mark E. Edwards, Graham L. Edwards and Ann G. Edwards had knowledge of Plaintiff/Judgment Creditor's debt, and knowledge that these transfers consisted of substantially all assets of Edwin L. Edwards and Southtowne Corporation.

66. The Transferred Entities themselves and/or through their directors/members are necessary parties, as they aided and abetted the fraudulent transfer and concealment of assets that should have been available for attachment by Plaintiff/Judgment Creditor.

67. The Transferred Entities continue to perpetuate the fraudulent conveyances by other named Defendants.

68. By reason of the foregoing, said transfers are avoidable pursuant to Section 8-9A-4(a) and (b) of the Alabama Fraudulent Transfer Act, as codified in the *Code of Alabama*.

WHEREFORE, Plaintiff/Judgment Creditor prays that the court:

A. Declare that the transfer of the membership and shareholder interest in these entities to Defendant Mark E. Edwards and to Defendant Graham L. Edwards are null and void;

B. Order the appointment of a receiver to take control over the Transferred Entities and the transferred real estate and conduct an orderly liquidation of same;

C. Order the conveyance of the membership and shareholder interest or the value thereof to the Plaintiff/Judgment Creditor, forthwith;

D. Award the Plaintiff/Judgment Creditor, the costs of this action;

E. Award any other relief permissible by Alabama and Federal law; and

F. Award such other relief as the Court deems just and proper.

**COUNT III**
**FRAUDULENT TRANSFER- MADE FOR NO REASONABLY EQUIVALENT VALUE IN VIOLATION OF ALA. CODE §8-9A-4(c)**

69. Plaintiff/Judgment Creditor hereby incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

70. Mark E. Edwards and Graham L. Edwards are the sons of Edwin L. Edwards.

71. At all times relevant to this matter, Edwin L. Edwards is the president of Southtowne Corporation.

72. In furtherance of a scheme to thwart the collection of a valid debt by Plaintiff/Judgment Creditor, Edwin L. Edwards and Southtowne Corporation transferred assets to Mark E. Edwards, and to Graham L. Edwards.

73. Upon information and belief, the transfers of these interests by Edwin L. Edwards were made without him receiving reasonably equivalent value. In fact, Edwin L. Edwards received no consideration for the transfer of his membership and shareholder interest in all of his Alabama and Georgia entities that he could

substantiate in any way. (See Deposition of Edwin L. Edwards, Exhibit G, at p. 157-164).

74. Upon information and belief, Edwin L. Edwards reasonably should have believed that he would incur debts beyond his ability to pay as they became due, based upon the transfer of substantially all of his worldly assets.

75. Upon information and belief, Defendants Graham L. Edwards and Mark E. Edwards knew or should have known that said transfers made Southtowne Corporation and Edwin L. Edwards insolvent.

76. The Transferred Entities, through their directors/members are necessary parties, as they aided and abetted the fraudulent transfer and concealment of assets that should have been available for attachment by Plaintiff/Judgment Creditor.

77. The Transferred Entities continue to perpetuate the fraudulent conveyances by other named Defendants.

78. By reason of the foregoing, said transfers are avoidable pursuant to Section 8-9A-4(c) of the Alabama Fraudulent Transfer Act, as codified in the *Code of Alabama*.

WHEREFORE, Plaintiff/Judgment Creditor prays that the court:

A. Declare that the transfer of the membership and shareholder interest in these entities to Defendant Mark E. Edwards and to Defendant Graham L. Edwards are null and void;

B. Order the appointment of a receiver to take control over the Transferred Entities and the transferred real estate and conduct an orderly liquidation of same;

C. Order the conveyance of the membership and shareholder interest or the value thereof to Plaintiff/Judgment Creditor forthwith;

D. Award the Plaintiff/Judgment Creditor, the costs of this action;

E. Award any other relief permissible by Alabama and Federal law; and

F. Award such other relief as the Court deems just and proper.

**COUNT IV**
**PIERCING THE CORPORATE VEIL TO CREATE PERSONAL LIABILITY FOR EDWIN L. EDWARDS FOR THE ACTIONS OF HIS 'ALTER EGO' CORPORATE ENTITIES**

79. Plaintiff/ Judgment Creditor hereby incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

80. Defendant Edwin L. Edwards, upon information and belief, is the President of Southtowne Corporation and at various times claimed ownership interest, including but not limited to the following Alabama and Georgia entities: A & L, Inc.; Southtowne Mini-Warehouses, L.L.C.; J & E Properties, LLC; ELL10, LLC d/b/a Albany Honda; Coleman Road Properties, L.L.C.; Oxford Management, Inc., Oxford Management Group, LLC Thompson Ridge, L.L.C.; Southtowne Corporation; and Southtowne Management Group, L.L.C.

81. Edwin L. Edwards has utilized these various entities for his personal gain. Edwin L. Edwards has utterly disregarded the formalities of their corporate structure. Further, Edwin L. Edwards has shifted assets among the entities and into and out of his personal accounts. This transfer of assets into and out of these sham corporate entities, without consideration and without the proper filings with the State of Alabama or the State of Georgia, constitutes a total disregard for the corporate structures of the entities.

82. In this matter, it is clear that Edwin L. Edwards has operated these corporations as instrumentality or as an alter ego.

83. Accordingly, there should be a "piercing of the corporate veil" in this matter and personal liability should attach to Edwin L. Edwards for his actions in transferring assets from his personal account through Southtowne Corporation and through these other sham entities.

WHEREFORE, Plaintiff/Judgment Creditor and the injured party, prays that the court:

A. Declare that Defendant Edwin L. Edwards has used these entities as his alter ego;

B. Order an accounting of the monies received by the transferred entities since August 15, 2006;

C. Order payment to Plaintiff/Judgment Creditor of all funds received by the transferred entities since August 15, 2006;

D. Order the immediate payment of the amount of the judgment to Plaintiff/Judgment Creditor, plus interest from Edwin L. Edwards' personal assets;

E. Declare that the transfer of the membership and shareholder interest in these entities to Defendant Mark E. Edwards and to Defendant Graham L. Edwards are null and void;

F. Order the conveyance of the membership and shareholder interest or the value thereof to Plaintiff/Judgment Creditor, forthwith;

G. Award the Plaintiff/Judgment Creditor, the costs of this action;

H. Award punitive damages against Defendants;

I. Award any other relief permissible by Alabama and Federal law; and

J. Award such other relief as the Court deems just and proper.

**COUNT V**
**CIVIL CONSPIRACY TO THWART THE COLLECTION OF A VALID DEBT IN CONTROVERSION OF THE PRINCIPLES OF *BARBER V. STEPHENSON*, 260 ALA 151, 69 SO 2D 251 (1953)**

84. Plaintiff/Judgment Creditor hereby incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

85. Mark E. Edwards and Graham L. Edwards are the sons of Edwin L. Edwards.

86. Upon information and belief, Ann G. Edwards is the spouse of Edwin L. Edwards.

87. Upon information and belief, the Transferred Entities/Defendants are currently held and operated by the sons of Edwin L. Edwards.

88. On July 5, 2006, Southtowne Corporation contracted with Plaintiff/Judgment Creditor to borrow One Million Dollars ($1,000,000.00). That note was personally guaranteed by Edwin L. Edwards.

89. Southtowne Corporation and Edwin L. Edwards defaulted on the note.

90. On June 18, 2008, Plaintiff/Judgment Creditor obtained a valid judgment against Defendants Southtowne Corporation, and Edwin L. Edwards personally, in the amount of Eight Hundred Fifty Four Thousand Seven Hundred Ninety Two and 94/100 Dollars ($854,792.94) in Etowah County Circuit Court, in Alabama.

91. At all times relevant to this matter, Edwin L. Edwards is the president of Southtowne Corporation.

92. In furtherance of a scheme to thwart the collection of a valid debt by Plaintiff/Judgment Creditor, Edwin L. Edwards and Southtowne Corporation transferred assets to Mark E. Edwards, and to Graham L. Edwards.

93. Edwin L. Edwards testified that he received no articulable consideration for the transfer of these assets.

94. Edwin L. Edwards testified, however, that Ann G. Edwards, his wife, received funds from Graham L. Edwards and from Mark E. Edwards, although Edwin L. Edwards was unable to articulate the amount of such funds, or the reason

for the payments. (Part II of Deposition of Edwin L. Edwards, Exhibit H, at pp. 11-12).

95. Under Alabama law, civil conspiracy is a combination of two or more persons to accomplish an unlawful end, or to accomplish a lawful end by unlawful means. *Barber v Stephenson*, 260 Ala 151; 69 So2d 251 (1953).

96. In this case, Edwin L. Edwards conspired with his sons, Graham L. Edwards and Mark E. Edwards, and with his wife, Ann G. Edwards, to transfer assets from Edwin L. Edwards and his corporation, Southtowne Corporation, to the sons, and to his wife and/or entities under her control including but not limited to Defendant Company Highway 79, L.L.C., in order to thwart the collection of a valid, legal judgment by Plaintiff/Judgment Creditor.

97. The Transferred Entities/Defendants are operated by sons of Edwin L. Edwards and these named Defendants joined in the conspiracy to defraud Plaintiff/Judgment Creditor.

WHEREFORE, Plaintiff/Judgment Creditor, the injured party, prays that the court:

A. Declare that Defendants Edwin L. Edwards, Mark E. Edwards, Graham L. Edwards, and Ann G. Edwards civilly conspired to thwart the collection of a valid, legal judgment by Plaintiff/Judgment Creditor;

B. Order an accounting of the monies received by the transferred entities since August 15, 2006;

C. Order payment to Plaintiff/Judgment Creditor of all funds received by the transferred entities since August 15, 2006;

D. Order the immediate payment of the amount of the judgment to Plaintiff/Judgment Creditor, plus interest;

E. Award the Plaintiff/Judgment Creditor, the costs of this action;

F. Award punitive damages against Defendants;

G. Award any other relief permissible by Alabama and Federal law; and

H. Award such other relief as the Court deems just and proper.

**COUNT VI**
**FRAUD, IN VIOLATION OF ALA. CODE §6-5-100 - §6-5-104**

98. Plaintiff/Judgment Creditor hereby incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

99. At all times relevant to this matter, Edwin L. Edwards is the president of Southtowne Corporation.

100. In order to obtain the loan from Plaintiff/Judgment Creditor, Edwin L. Edwards represented to Plaintiff/Judgment Creditor that he had personal assets sufficient to repay this obligation, as set forth in his Personal Financial Statement. (See Exhibit C).

101. Upon information and belief, almost immediately after receiving the loan, Edwin L. Edwards transferred substantially all of his assets to his sons, Mark E. Edwards and Graham L. Edwards, thus rendering Edwin L. Edwards and

Southtowne Corporation incapable of repaying the obligation to Plaintiff/Judgment Creditor.

102. Edwin L. Edwards and Southtowne Corporation failed to inform Plaintiff/Judgment Creditor of this material change in status, which Plaintiff/Judgment Creditor relied upon in lending the money in the first place.

103. Mark E. Edwards and Graham L. Edwards knew, or should have known, that no consideration was paid for any of the above-referenced transfers and accepts said transfers.

104. Because of the fraud committed by Edwin L. Edwards, Southtowne Corporation, and Mark E. Edwards, Graham L. Edwards and Ann G. Edwards, Plaintiff/Judgment Creditor has incurred the expenses of having to file this action, and the judgment against Southtowne Corporation and Edwin L. Edwards is still owed.

105. The transactions in this case are fraudulent, as defined by Alabama case law and the *Code of Alabama*, Sections 6-5-100 to 6-5-104.

WHEREFORE, Plaintiff/Judgment Creditor, the injured party, prays that the court:

A. Declare that Defendants Edwin L. Edwards, Mark E. Edwards, Graham L. Edwards, and Ann G. Edwards civilly conspired to defraud Plaintiff/Judgment Creditor;

B. Order an accounting of the monies received by the transferred entities since August 15, 2006;

C. Order payment to Plaintiff/Judgment Creditor of all funds received by the transferred entities since August 15, 2006;

D. Order the immediate payment of the amount of the judgment to Plaintiff/Judgment Creditor, plus interest;

E. Award the Plaintiff/Judgment Creditor, the costs of this action;

F. Award punitive damages against Defendants;

G. Award any other relief permissible by Alabama and Federal law; and

H. Award such other relief as the Court deems just and proper.

**COUNT VII**
**IN THE ALTERNATIVE, PLAINTIFF/JUDGMENT CREDITOR ALLEGES THAT NO OTHER TRANSFERS ACTUALLY OCCURRED AND, THUS, THE ASSETS ARE STILL HELD BY EDWIN L. EDWARDS AND SOUTHTOWNE MANAGEMENT GROUP, L.L.C.**

106. Plaintiff/Judgment Creditor hereby incorporates by reference each and every allegation of this Complaint as though fully set forth herein.

107. With the exception of the 2008 transfers of assets held by Southtowne Management Group, Ltd., no amended operating agreements were filed with the State of Alabama.

108. No unit membership agreements were filed with the State of Alabama.

109. No filed ownership changes in the State of Alabama or State of Georgia showing a transfer or change in ownership of any of the Transferred Entities, even though all entities still registered as active.

WHEREFORE, Plaintiff/Judgment Creditor, the injured party, prays that the court:

A. Determine that the transfers never actually occurred;

B. Order an accounting of the monies received by the transferred entities since August 15, 2006;

C. Order payment to Plaintiff/Judgment Creditor of all funds received by the transferred entities since August 15, 2006;

D. Order the immediate payment of the amount of the judgment to Plaintiff/Judgment Creditor, plus interest;

E. Award the Plaintiff/Judgment Creditor, the costs of this action, including but not limited ;

F. Award punitive damages against Defendants;

G. Award any other relief permissible by Alabama and Federal law; and

H. Award such other relief as the Court deems just and proper.

Respectfully submitted,

______________________________
One of the Attorneys for Plaintiff Orbach Waters LLC

ASHLEY SWINK
(ASB-6234-S82S)
Richardson Callahan & Frederick, LLP
4205 Balmoral Drive, Suite 101
Huntsville, Alabama
(256) 533-2440 Telephone
(256) 533-2441 Email
aes@rcfllp.com

Pending *Pro Hac Vice* Admission:

LAWRENCE V. STAWIARSKI
(P54831)
McDonald Hopkins PLC
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
(248) 646-5070 phone
(248) 646-5075 fax
lstawiarski@mcdonaldhopkins.com